IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandeep Singh Sidhu,<br><br>            Petitioner,<br><br>v.<br><br>Secretary of the Department of Homeland Security, Eric Holder, Jr., United States Attorney General, Director of Immigration and Naturalization Service (USCIS),<br><br>            Respondents. | No. CV 14-00538 PHX PGR (MEA)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE PAUL G. ROSENBLATT:**

Petitioner, proceeding in this matter pro se, docketed a petition pursuant to 28 U.S.C. § 2241 on March 14, 2014. Petitioner is detained by the United States at the Immigration and Customs Enforcement Detention Center in Florence, Arizona.

Petitioner applied for admission to the United States on June 2, 2013, at Nogales, Arizona. See Doc. 1, Attach. B. In his habeas petition, Petitioner, a native of India, contends he is eligible for asylum as a Sikh and that his petition for asylum has been pending since June 2, 2013. Id. Petitioner asserts in the petition that he has been detained by the United States Department of Homeland Security for longer than six months and that, pursuant to the United States Supreme Court's decision in Zadvydas v. Davis, he is entitled to a bond hearing regarding his release on bond pending the conclusion of his removal proceedings. Id. The Ninth Circuit Court of Appeals has

issued a stay of Petitioner's order of removal pending resolution of his proceedings before the Ninth Circuit Court of Appeals. See id., Attach. B.

In response to the habeas petition, "Respondents request that this Court order the Immigration Court in Florence, Arizona, to hold a bond hearing for Petitioner within thirty days." Doc. 8 at 2. Respondents further allow:

> Petitioner has been detained longer than six months without a bond hearing before an IJ. Pursuant to Rodriguez v. Robbins, 715 F.3d 1127, 1144 (9th Cir. 2013) ("[T]he mandatory provisions of § 1225(b) simply expire at six months, at which point the government's authority to detain the alien would shift to § 1226(a), which is discretionary and which we have already held requires a bond hearing." (Citation omitted.)), Respondents agree that Petitioner is entitled to a bond hearing before an IJ.

Id. at 3.

Therefore,

**IT IS RECOMMENDED that** the petition for a writ of habeas corpus pursuant to 28. U.S.C. § 2241 be **granted** and that the Court **order the Immigration Court in Florence, Arizona, to hold a bond hearing for Petitioner within thirty days of the date the Court's order is issued.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the

Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna–Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Dated this 12th day of January, 2015.

*Mark E. Aspey*
Mark E. Aspey
United States Magistrate Judge